IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01902-BNB
(**The above civil action number must appear on all future papers sent to the court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

DAVID LEE WOMACK,

    Applicant,

v.

D. BERKEBILE,

    Respondent.

---

ORDER DIRECTING APPLICANT TO CURE DEFICIENCIES AND
FILE AMENDED APPLICATION

---

Applicant, David Lee Womack, is a prisoner in the custody of the Federal Bureau of Prisons at the United States Penitentiary, Administrative Maximum, in Florence, Colorado.  He has submitted *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) and a certificate showing current balance in prison account (ECF No. 2).  As part of the court's review pursuant to D.C.COLO.LCivR 8.1(b), the court has determined that the submitted documents are deficient as described in this order.  Applicant will be directed to cure the following if he wishes to pursue any claims in this court in this action.  Any papers that Applicant files in response to this order must include the civil action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)   X    is not submitted
(2)        is missing affidavit
(3)        is missing certified copy of prisoner's trust fund statement for the 6-month

|      |     | |
|------|-----|---|
| | | period immediately preceding this filing |
| (4) | __ | is missing certificate showing current balance in prison account |
| (5) | __ | is missing required financial information |
| (6) | __ | is missing an original signature by the prisoner |
| (7) | __ | is not on proper form (must use the court's current form) |
| (8) | __ | names in caption do not match names in caption of complaint, petition or habeas application |
| (9) | X | other: § 1915 motion and affidavit and certificate showing current balance in prison account only are necessary if $5.00 filing fee is not paid in advance |

**Complaint, Petition or Application**:
(10)   __   is not submitted
(11)   __   is not on proper form
(12)   __   is missing an original signature by the prisoner
(13)   __   is missing page nos. __
(14)   __   uses et al. instead of listing all parties in caption
(15)   __   names in caption do not match names in text
(16)   __   addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(17)   __   other:

The Court must construe the habeas corpus application liberally because Mr. Womack is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

Applicant, who asserts he is mentally ill, contends that his due process rights have been violated because prison staff have failed to conduct a mental evaluation pursuant to 28 C.F.R. § 541.6 in each of his disciplinary proceedings. Applicant has submitted a list of at least thirty-five incident reports that have been filed against him during 2014. *See* ECF No. 1 at 6. The Court has reviewed the list and finds that Applicant fails to clarify which reports resulted in the forfeiture or disallowance of good conduct time.

This Court reviews the application under "the power inherent in every court to

control of the disposition of the causes on its docket." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). It is unreasonable that this Court should consider the thirty-five disciplinary proceedings without further clarification by Applicant. *Id.*; *Martinez v. Internal Revenue Serv.*, 744 F.2d 71, 73 (10th Cir. 1984) (Courts have "inherent power . . . to regulate their docket, promote judicial efficiency, and deter frivolous filings."). Applicant, therefore, will be ordered to file an amended application for the reasons stated below.

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief is warranted only if Applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

"[I]t is well settled that an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment." *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir. 1996) (internal quotation marks omitted); *see also Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 811 (10th Cir. 2007) (citing *Mitchell* in the context of a federal prisoner challenging a prison disciplinary conviction). However, the United States Constitution guarantees due process only when a person is to be deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Applicant does not allege that he was deprived of life, liberty, or property at any of his disciplinary hearings,

although he appears to challenge the hearing procedure itself. He was entitled to procedural protections at the disciplinary hearings only if he was deprived of a liberty interest. The existence of a liberty interest depends upon the nature of the interest asserted. *See Sandin v. Conner*, 515 U.S. 472, 480 (1995). A prisoner is not entitled to any procedural protections in the absence of a grievous loss. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

To the extent the results of Mr. Womack's disciplinary proceedings affected the execution or length of his sentence, he may have a liberty interest in the recalculation of his sentence, and he must be afforded the minimal safeguards provided for under the Due Process Clause of the Fourteenth Amendment. *Howard v. U.S. Bureau of Prisons,* 487 F.3d 808, 811 (10th Cir. 2007) (involving a federal inmate and violations of due process in his disciplinary proceeding) (citing *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir. 1996).

Mr. Womack fails to clarify which, if any, of his disciplinary actions affected the execution or length of his sentence. A due process claim regarding disciplinary actions that failed to affect the execution or length of his sentence is subject to dismissal on the merits. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (followed 28 U.S.C. § 2254(b)(2) in a § 2241 proceeding to allow a denial on the merits even if a claim is unexhausted). Applicant, therefore, is directed to amend the application, and identify only the disciplinary proceedings that affect the forfeiture or disallowance of good conduct time. Applicant further is directed to identify the disciplinary actions by report number in the application form, or attached pages, and state specifically how his due process rights were violated in each of the actions.

Accordingly, it is

ORDERED that Applicant, David Lee Womack, cure the deficiencies designated above and file an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 **within thirty (30) days from the date of this order**. Any papers that Applicant files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that Applicant shall obtain the court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use those forms in curing the designated deficiencies. It is

FURTHER ORDERED that, if Applicant fails to cure the designated deficiencies and file an amended application as directed **within thirty (30) days from the date of this order**, the action will be dismissed without further notice. The dismissal shall be without prejudice. It is

DATED July 10, 2014, at Denver, Colorado.

                                        BY THE COURT:

                                        s/ Boyd N. Boland
                                        United States Magistrate Judge