IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01902-BNB

DAVID LEE WOMACK,

    Applicant,

v.

D. BERKEBILE,

    Respondent.

## ORDER OF DISMISSAL

    Applicant, David Lee Womack, is a prisoner in the custody of the Federal Bureau of Prisons incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. He submitted *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) and a certificate showing the current balance in his prison account (ECF No. 2). The Court determined the submitted documents were deficient. In an order filed on July 10, 2014 (ECF No. 4), Magistrate Judge Boyd N. Boland directed Applicant within thirty days to cure certain deficiencies if he wished to pursue his claims in this Court in this action and to file an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.

    The July 10 order directed Mr. Womack either to pay the $5.00 filing fee for a habeas corpus action or to file on the Court-approved form a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action. The July 10 order also directed Mr. Womack to file an amended Application for Writ of

Habeas Corpus Pursuant to 28 U.S.C. § 2241.  On July 30, 2014, Magistrate Judge Boland entered a minute order (ECF No. 6) granting Mr. Womack's motion for an extension of time to cure the designated deficiencies and file an amended habeas corpus application, and directing the clerk of the Court to mail to Applicant, together with a copy of the July 30 minute order, the Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.

Applicant, who asserted he is mentally ill, contended that his due process rights were violated because prison staff failed to conduct a mental evaluation pursuant to 28 C.F.R. § 541.6 in each of his disciplinary proceedings.  Applicant submitted a list of at least thirty-five incident reports filed against him during 2014.  *See* ECF No. 1 at 6.  The Court reviewed the list and found that Applicant failed to clarify which reports resulted in the forfeiture or disallowance of good conduct time.

This Court reviewed the application under "the power inherent in every court to control of the disposition of the causes on its docket."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  It is unreasonable that this Court should consider the thirty-five disciplinary proceedings without further clarification by Applicant.  *Id.*; *Martinez v. Internal Revenue Serv.*, 744 F.2d 71, 73 (10th Cir. 1984) (Courts have "inherent power . . . to regulate their docket, promote judicial efficiency, and deter frivolous filings.").  Applicant, therefore, was ordered to file an amended application.

In the July 10 order, Magistrate Judge Boland informed Mr. Womack that an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a

person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief is warranted only if Applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

"I]t is well settled that an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment." *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir. 1996) (internal quotation marks omitted); *see also Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 811 (10th Cir. 2007) (citing *Mitchell* in the context of a federal prisoner challenging a prison disciplinary conviction). However, the United States Constitution guarantees due process only when a person is to be deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Applicant did not allege that he was deprived of life, liberty, or property at any of his disciplinary hearings, although he appeared to challenge the hearing procedure itself. He was entitled to procedural protections at the disciplinary hearings only if he was deprived of a liberty interest. The existence of a liberty interest depends upon the nature of the interest asserted. *See Sandin v. Conner*, 515 U.S. 472, 480 (1995). A prisoner is not entitled to any procedural protections in the absence of a grievous loss. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

To the extent the results of Mr. Womack's disciplinary proceedings affected the execution or length of his sentence, he may have a liberty interest in the recalculation of his sentence, and he must be afforded the minimal safeguards provided for under the

Due Process Clause of the Fourteenth Amendment. *Howard v. U.S. Bureau of Prisons,* 487 F.3d 808, 811 (10th Cir. 2007) (involving a federal inmate and violations of due process in his disciplinary proceeding) (citing *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir. 1996). However, Mr. Womack failed to clarify which, if any, of his disciplinary actions affected the execution or length of his sentence. A due process claim regarding disciplinary actions that failed to affect the execution or length of his sentence is subject to dismissal on the merits. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (followed 28 U.S.C. § 2254(b)(2) in a § 2241 proceeding to allow a denial on the merits even if a claim is unexhausted). Applicant, therefore, was directed to amend the application and identify only the disciplinary proceedings that affect the forfeiture or disallowance of good conduct time. Applicant further was directed to identify the disciplinary actions by report number in the application form, or attached pages, and state specifically how his due process rights were violated in each of the actions.

Mr. Womack has failed to cure the designated deficiencies, file an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 that complies with the July 10 order, or otherwise communicate with the Court in any way. Therefore, the Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 will be denied and the action dismissed for Applicant's failure to comply with the July 10 order within the time allowed, and for his failure to prosecute.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Womack files a notice of appeal he also must pay the full $505.00

appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) is denied and the instant action dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Applicant, David Lee Womack, to cure the deficiencies designated in the order to cure of July 10, 2014, and file an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 within the time allowed, and for his failure to prosecute. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  5th  day of   September  , 2014.

BY THE COURT:

   s/Lewis T. Babcock   
LEWIS T. BABCOCK
Senior Judge, United States District Court

5